### In re GRIFFIN TRADING COMPANY, Debtor.

Leroy G. Inskeep, as Chapter 7 Trustee of the Bankruptcy Estate of Griffin Trading Company, et al. Appellants/Cross–Appellees,

v.

Meespierson, N.V., Appellee/Cross–Appellant.

No. 98 B 41742, 00 C 2056.

United States District Court,
N.D. Illinois,
Eastern Division.

Nov. 26, 2001.

David N. Missner, Janice L. Duban, Piper, Marbury, Rudnick & Wolfe, Chicago, IL, for Leroy G. Inskeep.

Richard Scott Alsterda, Robert H. Griffith, Ungaretti & Harris, Chicago, IL, for MDNH Partners, Engmann Options, Inc.

Scott Robert Williamson, Commodity Futures Trading Commission, Chicago, IL, Glynn L. Mays, U.S. Commodity Futures

Trading Commission, Washington, DC, for Commodity Futures Trading Commission.

Catherine L. Steege, Jenner & Block, Chicago, IL, for Eva A. Walsh, Mark J. Walsh, Mark J. Global.

David M. Matteson, Frank W. DiCastri, Foley & Lardner, Chicago, IL, for FT Trading.

Bryan Krakauer, Ann Marie Bredin, William A. Evanoff, Sidley Austin Brown & Wood, Chicago, IL, for Meespierson N. V.

Thomas S. Kiriakos, Mayer, Brown & Platt, Chicago, IL, for Griffin Trading Company.

Daniel J. Roth, National Futures Association, Chicago, IL, Susan C. Ervin, Dechert, Price & Rhoads, Washington, DC, for Futures Industry Association, Managed Funds Association, National Futures Association.

## ORDER

PALLMEYER, District Judge.

Leroy G. Inskeep, the Bankruptcy Trustee, and one of the appellants herein, moves for dismissal of this appeal. He argues that a settlement among creditors has been reached and approved by the bankruptcy court and thus the appeal is moot. In connection with that motion, the Commodity Futures Trading Commission, which is a co-appellant, argues that if this Court dismisses the appeal it should also vacate the judgment of the bankruptcy court that is appealed from.

This Court, being fully advised,

ORDERS that the appeal is dismissed as moot, and

FURTHER ORDERS that the bankruptcy court's judgment of February 25, 2000, which is the subject of this appeal is hereby vacated; provided, however, that such judgment may be reinstated by the bankruptcy court upon motion by any of the parties to this appeal if the settlement agreement previously approved by the bankruptcy court in this case no longer remains in full force and effect or reinstatement is otherwise necessary to the administration of the bankruptcy estate.